UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR ANDUJAR, *Individually and on Behalf of All Others Similarly Situated*, et al.

          Plaintiffs,

-against-

SKYC MANAGEMENT LLC et al.,

          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/15/2024

1:23-cv-8764-MKV

ORDER GRANTING MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION OF NOTICE

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Victor Andujar and Opt-in Plaintiffs Silvio Bernabel, Angel Lugo, and Juan D. Jimenez bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL") against Defendants SKYC Management LLC, 674 Holding LTD., Shimon Greisman, and Gary Gartenberg [ECF No. 29 ("Cmpl.")]. According to the Complaint, Plaintiff and Opt-in Plaintiffs are former and current superintendents of buildings owned and controlled by Defendants. *See* Cmpl. ¶ 1. Plaintiff and Opt-in Plaintiffs, who seek unpaid overtime wages and other relief, move for an Order conditionally certifying a collective action under the FLSA, 29 U.S.C. § 216(b), and authorizing distribution of notice of this lawsuit, with opt-in forms, to all current and former superintendents of Defendants' buildings in New York City [ECF Nos. 33, 34 ("Pl. Mem."), 35 ("Rapaport Decl."), 36 ("Andujar Decl."), 37 ("Bernabel Decl."), 38 ("Lugo Decl."), 39 ("Jimenez Decl."), 51 ("Reply"), 52, 53]. Defendants oppose the motion [ECF No. 46 ("Opp.")]. For the reasons set forth below, Plaintiff and Opt-in Plaintiffs' motion is GRANTED.

I.     BACKGROUND

Defendants own and operate a large number of buildings in New York City (the "Greisman

1

Buildings"). Rapaport Decl. ¶ 6; *see* Opp. at 1.[1] Plaintiff Victor Andujar "worked for Defendants as a superintendent" at one such building "from approximately October 2004 through on or about August 1, 2022." Andujar Decl. ¶¶ 2, 3. Opt-in Plaintiffs Silvio Bernabel, Angel Lugo, and Juan D. Jimenez are current superintendents who have worked "continuously" for Defendants at various buildings for decades. Bernabel Decl. ¶¶ 2–5; Lugo Decl. ¶ 2; Jimenez Decl. ¶¶ 2–4. Plaintiff and Opt-in Plaintiffs contend that the Greisman Buildings are "centrally managed" and that "superintendents at various Greisman Buildings" are all "subjected to identical illegal wage practices." Pl. Mem. at 4–5; *see* Cmpl. ¶¶ 14, 18, 46.

Plaintiff and Opt-in Plaintiffs filed a motion for conditional certification of a collective action under the FLSA, pursuant to 29 U.S.C. § 216(b), together with a memorandum of law, declarations from counsel and each plaintiff, a proposed Notice and Consent Form, and other supporting papers [ECF Nos. 33, 34 ("Pl. Mem."), 35 ("Rapaport Decl."), 35-8, 36 ("Andujar Decl."), 37 ("Bernabel Decl."), 38 ("Lugo Decl."), 39 ("Jimenez Decl.")]. Defendants filed an opposition [ECF No. 46 ("Opp.")]. They argue that "Plaintiffs have failed to satisfy their minimal burden" to show that they are "similarly situated to all other superintendents with respect to their duties, responsibilities, hours worked and wages paid." Opp. at 6. Plaintiff and Opt-in Plaintiffs filed a reply brief along with further supporting papers [ECF Nos. 51, 52, 53].

## II.    LEGAL STANDARD

The Second Circuit has implemented a two-step process to certify collective actions under the FLSA. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). At the first step, the Court must make an initial determination about whether to authorize notice to potential opt-in plaintiffs who might be similarly situated to the named plaintiffs. *See id.* At the second step, after discovery,

---

[1] While Plaintiffs represent that they have identified thirty-five buildings, Defendants' opposition brief indicates that there are thirty-nine buildings. *See* Rapaport Decl. ¶ 6; Cmpl. ¶ 1; Opp. at 1, 14.

a defendant may challenge the conditional certification, and the district court, "on a fuller record," will determine "whether the plaintiffs who have opted-in are in fact 'similarly situated' to the named plaintiffs," or, if not, the action should "be 'de-certified.'" *Id.*; *see also Tay v. New York & Presbyterian Hosp.*, No. 22-cv-8379, 2024 WL 4286226, at *3 (S.D.N.Y. Sept. 24, 2024). The purpose of granting conditional certification "is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555.

To succeed on their motion for conditional certification, Plaintiff and Opt-in Plaintiffs must make only a "modest factual showing" that potential opt-in plaintiffs are similarly situated to them. *Id.*; *see Bittencourt v. Ferrara Bakery & Cafe Inc.*, 310 F.R.D. 106, 111 (S.D.N.Y. 2015). In particular, they must show that Plaintiff and Opt-in Plaintiffs, on the one hand, and potential opt-in plaintiffs, on the other hand, "were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555; *Bittencourt*, 310 F.R.D. at 112. They must also show that they are similarly situated "in their job responsibilities." *Cunningham v. Electronic Data Systems Corp.*, 754 F. Supp. 2d 638, 648 (S.D.N.Y. 2010). In other words, Plaintiff and Opt-in Plaintiffs must make "some showing that 'there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions.'" *Myers*, 624 F.3d at 555 (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008)); *see Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 158 (S.D.N.Y. 2014).

To be sure, Plaintiff and Opt-in Plaintiffs cannot rely on mere "unsupported assertions" alone. *Myers*, 624 F.3d at 555 (internal quotation marks and citation omitted). However, at this stage, the "standard of proof" is "low." *Id.* In seeking conditional certification, Plaintiff and Opt-in Plaintiffs may rely on the Complaint "supplemented by" their own affidavits. *Bittencourt*, 310 F.R.D. at 111. At this stage, "the court does not resolve factual disputes, decide substantial issues

going to the ultimate merits, or make credibility determinations." *Jackson*, 298 F.R.D. at 158; *see Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). "Because 'the court applies a fairly lenient standard,' courts 'typically grant conditional certification.'" *Tay*, 2024 WL 4286226, at *3 (brackets omitted) (quoting M*alloy v. Richard Fleischman & Assocs. Inc.*, No. 09-cv-322, 2009 WL 1585979, at *2 (S.D.N.Y. June 3, 2009)).

### III.   DISCUSSION

**A. Plaintiffs Satisfy the Low Burden for Conditional Certification.**

Plaintiff and Opt-in Plaintiffs meet the "low standard of proof" to make the required "modest factual showing" that potential opt-in plaintiffs are similarly situated to them. *Myers*, 624 F.3d at 555. In particular, Plaintiff and Opt-in Plaintiffs make a plausible initial showing that they and all other superintendents at the Greisman Buildings potentially "were victims of a common policy or plan that violated the law." *Id*. Plaintiff and Opt-in Plaintiffs offer evidence that the Greisman Buildings are "centrally managed" by Defendants. Cmpl. ¶¶ 7, 14; *see* Andujar Decl. ¶ 5; Bernabel Decl. ¶ 6. More to the point, each plaintiff submitted a sworn declaration attesting, based on personal knowledge and conversations with other superintendents, that Defendants had a "policy" of "requiring all superintendents" to work in excess of forty hours per week without proper compensation. Andujar Decl. ¶ 9; *see* Lugo Decl. ¶ 9; Jimenez Decl. ¶ 20; Bernabel Decl. ¶¶ 16–23. Courts often conditionally certify FLSA collective actions based on similar evidence or less. *See, e.g.*, *Garcia v. Chipotle Mexican Grill, Inc.*, No. 16-cv-601, 2016 WL 6561302, at *8 (S.D.N.Y. 2016); *Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14-cv-2848, 2015 WL 1514950, at *3–4 (S.D.N.Y. 2015); *Guo Qing Wang v. H.B. Rest. Grp., Inc.*, No. 14-cv-813, 2014 WL 5055813, at *4 (S.D.N.Y. Oct. 7, 2014); *Colon v. Major Perry St. Corp.*, No. 12-cv-3788, 2013 WL 3328223, at *6 (S.D.N.Y. July 2, 2013) ("it is beyond dispute that courts regularly determine

that two or three declarations corroborating each other constitute a sufficient amount of evidence to conditionally certify a collective action under the FLSA").

Plaintiff and Opt-in Plaintiffs also make an initial showing that they are similarly situated to potential opt-in plaintiffs "in their job responsibilities." *Cunningham*, 754 F. Supp. 2d at 648. Defendants argue that Plaintiff and Opt-in Plaintiffs have not shown that they are similarly situated to "**all** superintendents at Defendants' buildings." Opp. at 9 (emphasis in original). Defendants stress that Plaintiff and Opt-in Plaintiffs "admittedly" performed duties "beyond superintendent tasks," such as renovations and major repairs, "for which they received additional compensation." *Id.* at 7, 9. However, Plaintiff and Opt-in Plaintiffs attest that, "based on . . . extensive conversations and interactions with other superintendents who worked for Defendants," others "too, were assigned extensive [similar] non-superintendent work" for which they were paid separately. Andujar Decl. ¶ 7; *see* Bernabel Decl. ¶ 13; Lugo Decl. ¶ 13; Jimenez Decl. ¶ 24. To the extent that there are minor variations in responsibilities among Plaintiffs and Defendants' other superintendents, those variations are immaterial to the conditional certification analysis. *See, e.g.*, Iglesias-*Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 371 (S.D.N.Y. 2007); *Jacob v. Duane Reade, Inc.*, No. 11-cv-0160, 2012 WL 260230, at *8 (S.D.N.Y. Jan. 27, 2012).

Indeed, another court in this District conditionally certified a FLSA collective action for superintendents after rejecting the argument that "superintendents in different buildings were not similarly situated because they performed different tasks." *Colon*, 2013 WL 3328223, at *6. The court in *Colon* explained that "this [conditional] certification stage is not the appropriate place to litigate [these] sorts of factual variations." *Id*. at *7; *see also Lynch*, 491 F. Supp. 2d at 369. The same is true here. Accordingly, the Court concludes that Plaintiff and Opt-in Plaintiffs have met their low burden for conditional certification pursuant to Section 216(b) of the FLSA.

### B. The Scope of the Conditional Collective Action

As noted above, a district court may authorize issuance of a notice informing potential plaintiffs of the opportunity to opt into a conditionally-certified collective action under the FLSA. *See Myers*, 624 F.3d at 554; *Lynch*, 491 F. Supp. 2d at 367. Because Plaintiff and Opt-in Plaintiffs have met their burden for conditional certification, the Court will authorize notice here. *See Myers*, 624 F.3d at 555; *Jacob*, 2012 WL 260230, at *8. Perhaps anticipating that the Court would grant the motion for conditional certification and authorize issuance of a notice to potential opt-in plaintiffs, Defendants devote much of their brief to the appropriate scope of the collective and the contents of Plaintiff and Opt-in Plaintiffs' proposed Notice. *See* Opp. at 13–22.

First, Defendants ask the Court to limit the scope of the conditional collective action to "properties and superintendents identified" by name "in the declarations." Opp. at 14. Defendants specifically ask the Court to limit the conditional collective action to Plaintiff Andujar, Opt-in Plaintiff Bernabel, and Opt-in Plaintiff Lugo plus the superintendents of four other buildings (Defendants omit Opt-in Plaintiff Jimenez). Opp. at 14. In support of this request, Defendants merely repeat their assertion that Plaintiff and Opt-in Plaintiffs have not demonstrated that the superintendents of "**all** thirty-nine" of Defendants' buildings were subject to a common unlawful wage policy and had the same job responsibilities. Opp. at 14. However, the Court has already rejected that assertion in determining that Plaintiff and Opt-in Plaintiffs met their burden for conditional certification. *Supra* at 4–5. Plaintiff and Opt-in Plaintiffs submitted four corroborating affidavits, based on personal knowledge and "interactions with other superintendents," that Defendants buildings are centrally managed, that Defendants have a "policy" of requiring superintendents to work in excess of forty hours without proper compensation, and that Defendants' superintendents have similar responsibilities. Andjujar Decl. ¶¶ 5, 7, 9, 14, 19; *see* Bernabel Decl. ¶¶ 7, 9, 13, 17; Lugo Decl. ¶ 9; Jimenez Decl. ¶¶ 19, 20, 24. At the conditional

6

certification stage, Plaintiff and Opt-in Plaintiffs are not required to identify by name all potential opt-in plaintiffs. Rather, the purpose of granting conditional certification and issuing a notice is "to determine whether 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555. Accordingly, the appropriate scope of the conditional collective action includes all Greisman Buildings superintendents.

### C. Equitable Tolling and the Notice Period

"Next, Defendants object to using a notice period of three years from the date of the filing of the complaint" and request that the three-year notice period be tied, instead, to this Order. Opp. at 19. The statute of limitations for potential opt-in plaintiffs' FLSA claims in this case is three years if Defendants' alleged unlawful conduct was willful and two years if it was not willful. *See* 29 U.S.C. § 255(a). Plaintiff and Opt-in Plaintiffs wish to send notice to all current and former Greisman Buildings superintendents who were employed by Defendants within the three years prior to the filing of Plaintiff's Complaint. Plaintiff and Opt-in Plaintiffs further request equitable tolling of the statute of limitations for potential opt-in plaintiffs' claims until they are "able to send notice to potential opt-in plaintiffs." Pl. Mem. at 22; *see Knox v. John Varvatos Enterprises Inc.*, 282 F. Supp. 3d 644, 661 (S.D.N.Y. 2017).

Ordinarily, in a FLSA collective action, the limitations period applicable to an individual's claims continue to run until that individual opts into the action. *See Rotari v. Mitoushi Sushi, Inc.*, 448 F. Supp. 3d 246, 254 (E.D.N.Y. 2020); *Contrera v. Langer*, 278 F. Supp. 3d 702, 722–23 (S.D.N.Y. 2017). Moreover, as a general rule, "equitable tolling is considered a drastic remedy applicable only in "rare and exceptional circumstances." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (alteration adopted) (quoting *Smith v. McGinnis*, 208 F.3d 13,

17 (2d Cir. 2000)).  Plaintiff and Opt-in Plaintiffs have made no showing of "rare and exceptional circumstances" on behalf of potential opt-in plaintiffs.  *Id.*; *see* Pl. Mem. at 22.

Nevertheless, in the context of conditionally certifying FLSA collective actions, courts in this Circuit commonly permit notice to be sent to a wider group with the understanding that the Court will entertain later challenges to the timeliness of opt-in plaintiffs' claims.  *See Knox*, 282 F. Supp. 3d at 661; *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013); *Martin v. Sprint/united Mgmt. Co.*, 2016 WL 30334, at *16 (S.D.N.Y. Jan. 4, 2016).  The Court will follow that course here.  The Court declines to tie the notice period to this Order because there were delays both in briefing (both parties received two extensions of time [ECF Nos. 42, 44, 48, 50]) and in resolving this motion.  *See Beda v. Nurtury at Flandreau, Inc.*, 2024 WL 2793734, at *7 (S.D.N.Y. May 28, 2024).  According, the Court will permit notice to be sent to all superintendent who were employed by Defendants within the three years prior to the filing of the Complaint.  The request that this Court make a determination of equitable tolling is denied, without prejudice to the rights of potential opt-in plaintiffs to make a further application for tolling upon an appropriate showing of exceptional circumstances and the requisite diligence.

**D. Other Issues**

Defendants raise various other issues.  First, Defendants ask the Court to require Plaintiff and Opt-in Plaintiffs to include contact information for defense counsel in the notice.  Opp. at 17. Plaintiff and Opt-in Plaintiffs respond that including this information would cause confusion. Reply at 9.  "However, 'courts in this Circuit have generally concluded that the contact information of defendants' counsel is appropriate for inclusion in a notice of collective action.'"  *Bittencourt*, 310 F.R.D. at 118 (alterations adopted) (quoting *Slamna v. API Rest. Corp.*, 2013 WL 3340290, at *5 (S.D.N.Y. July 2, 2013); *see also Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp.

2d 101, 108 (S.D.N.Y. 2003).  As such, Plaintiff and Opt-in Plaintiffs must include the requested information in the notice.

Second, Defendants argue that Plaintiff and Opt-in Plaintiffs must strike from the notice and consent form references to the NYLL and New York Code of Rules and Regulations.  Opp. at 17–18.  The proposed Notice and Consent Form [ECF No. 35-8] repeatedly refers to "New York law."  Notice and Consent Form at 2 ("By doing nothing, you will not be included in this lawsuit relating to claims under the Fair Labor Standards Act, the New York Labor Law, and the New York Code of Rules and Regulations"); *id*. ("Plaintiff alleges that Defendants' compensation practices violated federal and New York law"); *id.* ("Defendants deny any wrongdoing or liability and maintain that all of their employees were paid in accordance with federal and New York law."); *id.* at 3; *id.* at 5 ("I consent to join the lawsuit brought pursuant to the Fair Labor Standards Act, the New York Labor Law, and the New York Code of Rules and Regulations.").  As written, the proposed Notice and Consent Form are misleading.  They nowhere clarify that they apply "only to the FLSA collective action claims" and not to any New York class action claims.  *Ramirez v. Liberty One Grp. LLC*, 2023 WL 4541129, at *11 (S.D.N.Y. July 14, 2023).  Plaintiff and Opt-in Plaintiffs must strike the references to New York law.

Third, Defendants argue that the Notice and Consent Form should be modified to direct potential opt-in plaintiffs to mail consent forms to the Clerk of Court, instead of Plaintiffs' counsel.  Opp. at 18.  That may be a common practice in the Eastern District, but it is not favored in the Southern District. *See Romero v. ABCZ Corp.*, 2015 WL 2069870, at *4 (S.D.N.Y. Apr. 28, 2015).  The Court declines to require this change.

Fourth, Defendants contend that they need more than fourteen days from the date of this Order to produce contact information for current and former superintendents.  Opp. at 19.  Courts

in this District "commonly grant" requests for the production of such information in connection with the conditional certification of an FLSA collective action. *See Martin*, 2016 WL 30334, at *19; *In re Penthouse Exec. Club Comp. Litig.*, 2010 WL 4340255, at *5 (S.D.N.Y. 2010). While the Court is skeptical of Defendants' assertion that it will be "burdensome" to produce the relevant information here, the Court will grant Defendants twenty-one days, instead of fourteen, to produce the required contact information.

Finally, Defendants ask the Court to direct the parties to meet and confer and then jointly propose a revised notice and consent. Opp. at 20. That is unnecessary and will further delay this process. However, Plaintiff and Opt-in Plaintiffs must revise their proposed Notice and Consent Form to comply with this Order, file the revised version on ECF by November 22, 2024, and await the Court's final authorization before issuing the revised notice and consent.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion of Plaintiff and Opt-in Plaintiffs for conditional certification of a collective action, court-authorized notice pursuant to section 216(b) of the FLSA, and an order directing Defendants to produce contact information for potential opt-in plaintiffs.

IT IS HEREBY ORDERED that, by November 22, 2024, Plaintiff and Opt-in Plaintiffs must revise their Proposed Notice and Consent Form to comply with this Order and must submit the revised version this Court for approval.

IT IS FURTHER ORDERED that, within twenty-one days of the date of this Order, Defendants shall provide contact information for members of the conditional collective action as defined in this Order.

IT IS FURTHER ORDERED that the parties shall file a joint status letter within 90 days of this Order.

Once the Court approves the modified notice and consent, Plaintiffs' counsel may arrange to have it disseminated, in any relevant language, via mail, and via email and text messages, to all conditional collective action.

The Clerk of Court is respectfully requested to close docket entry 33.

**SO ORDERED.**

Date: **November 15, 2024**
**New York, NY**

*Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**